Per curiam

Let the-jury give a verdict for the Plaintiff, subject to the opinion of the court upon a statement of the facts proved on the case.
This was consented to by the counsel on both sides— a verdict was given accordingly, and a statement made at supra. Three or four days afterwards the court gave judgment.
Per curiam — We have considered of this case, and the authorities relative to the point that was stirred in it.— 4 Burr. 2208. Eight on the demise of Green v. Proctor; and Cowp. 597. cited at the bar upon the argument, go upon this ground — where there is an absolute unconditional agreement by deed on the part of the Plaintiff, that the Defendant shall enjoy the premises, he shall not he permitted to invalidate that deed by recovering against. *382 it. It is unreasonable 'hat lie. should When the deed is (surly executed, s nd cannot he. impi-ached for fraud. ;’ is evidence of good consideration ¡.asking: from the 1) :• - fendant to the Plaintiff, which makes (he Plaintiff a '• as-tee of the- legal title foe tlie Defendant, at least dining the time the contract is to lust. In ihe pr<-«en: ruse, there is no abs ¡lato unconditional agreement that the De-ie.ndstnt shall have and e.i-j' V the possession. He is to 'have a convey atice when he pays the money. This implies most strongly, that he is not to h.i.\o it hN-s-r— There, is another class of cases however, into which C S):ie befoie cited seem to enter — they decide thn .-i trustee shall not be permit-ed to re- over in ejectment against hi< cestui que trust; and Shat a vendor of lands is a Sms-tee for the vciniee. One of these cases is reported in Coxvp. 473. The reason the court gives why they will not permit the Plaintiff to recover is, because fo do (hat would oniy he to give the Court of Equity an opportunity of undoing all again by setting it-right. Courts of Law now take notice of these trusts t<> prevent delay and ex-pence to the suror-s by sending them to Equity. Others of these cases reported in ,Dou%. 776. Duruford and jEast. 735, but in these cases the rule is laid down to apply where the Plaintiff is clearly a trustee, so circum - stanced that a Court of Equity would decree á specific execution of the agreement — ¡.lure- he shall not recover $ but if it be not clear hut doubtful whether he be such a, trustee or not, a Court of Law ¡eaves that enquiry to the court that has proper cognizance of trusts, and will not take any notice of it upon a trial in ejectment. To say in a Court of Law, {Scat a trustee «-ball not recover in ejectment against his cestui que trust. K going perhaps full far enough ; perhaps further than the rules of the annenJ common law would warrant. Had this rule indeed prevailed formerly at law, it is probable the Court of Equity would not now have b-’en in possession of that jurisdiction, to which the delay and expence of an application, has latterly induced Courts of Law to adopt, the rule established by those decisions- — -and though perhaps were this a clear trust, this court, for the same reasons that weighed in these ca-es, might now adopt the same rule, yet wc are of opinion this is not‘a case, of a cleat* and undoubted trust — the vendor oniy becomes a trustee where r-he vendee has actually paid aim the money — here he has not paid the money.(he non-payment of the *383 money is the cause of this aciion-the vendor by the express terms of the agreement is not obliged t.o make a conveyance until payment of the money. This is so far from being the case of a clear trust, that it is raUier clear the, other way ; and upon principles of common justice, we .should not be warranted in saying the possession should be- taken from the Plaintiff, or denied to him, when his agreement evidently implies the contrary — wherefore let the Plaintiff have judgment. Judgment was entered for the Plaintiff accordingly.
Note. — Vide Adamson Ejectment, 32, 33. Read v. Read, 8 T. R. 118.